829 F.2d 38
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Helen R. BALLINGER, Plaintiff-Appellant,
v.
OWENS-ILLINOIS, INC., Keene Corporation, Fibreboard
Corporation, H.K. Porter Company, Inc., Eagle-Picher
Industries, Inc., National Gypsum Company, U.S. Gypsum
Company, Turner-Newall, Ltd., Carey Canada, Inc., and W.R.
Grace & Company, Defendants-Appellees.
 No. 86-5755
 United States Court of Appeals, Sixth Circuit.
 September 14, 1987.
 
 Before LIVELY, Chief Judge, KEITH, Circuit Judge, and DOWD, District Judge.*
 PER CURIAM.
 
 
 1
 Virgil Ballinger and his wife Helen brought this action on November 16, 1984 against the defendant manufacturers of asbestos-containing insulation. The plaintiffs alleged that Virgil Ballinger had contracted asbestos-related lung cancer as a result of his occupational exposure to the insulation products of the defendants. Mr. Ballinger subsequently died on September 2, 1985, and his wife Helen was substituted as plaintiff pursuant to Rule 25(a) of the Federal Rules of Civil Procedure.
 
 
 2
 The district judge granted summary judgment to the defendants on the basis of releases previously executed by Virgil and Helen Ballinger as a result of the settlement of an earlier asbestos suit involving different defendants and a different disease. We affirm.
 
 
 3
 Virgil Ballinger was employed as an asbestos insulation worker from 1938 until 1975, when he was diagnosed as having a lung disease called 'asbestosis' as a result of his exposure to asbestos. On December 30, 1975, Virgil Ballinger and his wife filed suit in Tennessee state court, naming as defendants a number of asbestos manufacturers. No defendant named in the 1975 law suit is included in this action. In 1977, the Ballingers settled the 1975 law suit for a total of $77,750.00. The settlement funds were contributed by three different groups of manufacturers. The first group contributed $66,750.00, the second group $10,000, and the third group $1,000.00. In return, the Ballingers executed three releases, one for each group.
 
 
 4
 The three releases are a pre-printed type of general release with the amount of settlement and the names of the specific defendants typed in the appropriate places. All three release forms contain language releasing not only the specifically identified defendants, but also all other persons, including corporations, who might be liable. The release given to the first group contains language releasing all claims for personal injury, known or unknown, arising from the use of products containing asbestos. The releases given to the second and third groups released 'any claim for lung disease, including asbestosis, allegedly resulting from use of products manufactured by companies released.'
 
 
 5
 In this action, the defendants-appellees moved for summary judgment on the strength of the three releases. The releases executed by the Ballingers in 1977 extend to the present defendants in this action and cover the disease of lung cancer.
 
 
 6
 In granting summary judgment, the district court observed that the Ballingers were represented by counsel when the 1977 releases were executed, noted that there was no claim of fraud or duress, and then properly rejected the plaintiff's implied claim of mistake to the effect that she did not know in 1977 that there might be other defendants responsible for her husband's disease and eventually death. Moreover, although not stressed by the district court in granting summary judgment, Tennessee's adoption of the Uniform Contribution Among Tortfeasors Act, Tenn. Code Ann. Sec. 29-11-101 et seq., also supports the granting of summary judgment. Under the provisions of the Uniform Act, the release by the Ballingers of all other persons enabled the settling defendants in the 1975 suit to seek contribution from any other tortfeasor. Thus, where a claimant executes a release such as the releases executed by the Ballingers in 1977, subsequent alleged tortfeasors are entitled to judgment against the initial claimant. See, e.g., Morison v. General Motors Corp., 428 F.2d 952 (5th Cir. 1970), cert. denied 400 U.S. 904 (1970) (applying Uniform Contribution Among Tort Feasors Act as enacted in Arkansas).
 
 
 7
 On the entire record we conclude that the district court correctly granted summary judgment to the defendant-appellees. The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation